IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00068-BNB

NORMAN RAY REED, JR.,
    Plaintiff,

v.

COLORADO BOARD OF PAROLE,
JOHN SUTHERS, in his professional and individual capacity's [sic],
TIM HAND, in his professional and individual capacity,
MICHAEL ANDERSON, in his professional and individual capacity,
DEBORAH ALLEN, in her professional and individual capacity,
TOM WATERS, in his proffesional [sic] and individual capacity, and
DAVID RILEY, in his professional and individual capacity,
    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, Norman Ray Reed, Jr., is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the correctional facility in Sterling, Colorado. He initiated this action by filing *pro se* a prisoner complaint pursuant to 42 U.S.C. § 1983 alleging that his civil rights were violated in connection with the revocation of his parole in January 2010. As relief he seeks unspecified declaratory and injunctive relief and money damages. He has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

    The Court must construe the complaint liberally because Mr. Reed is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so

despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id*. For the reasons discussed below, Mr. Reed will be ordered to file an amended complaint if he wishes to pursue his claims in this action.

The Court has reviewed the complaint and finds that it is deficient for various reasons. First, the complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Reed's complaint is unnecessarily wordy and repetitive in violation of Rule 8.

The operative claims in the complaint are that Mr. Reed, who is a registered medical marijuana patient, was informed while on parole that he either must sign a document waiving his right under Colorado law to use medical marijuana or be arrested and receive a parole revocation summons because use of medical marijuana is a federal violation.  Mr. Reed fails to clarify in the complaint whether he signed the waiver. However, he does allege that, at a parole revocation hearing, he was found guilty of violating parole condition number eight, which requires parolees not to abuse alcohol or possess or use illegal drugs such as marijuana.  He asserts he appealed from his parole revocation to the Colorado Board of Parole, which on March 4, 2010, denied the appeal.  The parole board is named as a defendant together with the parole board chairman, the parole board director of regional operations, a parole board administrative hearing officer, a parole officer, the supervisor for parole officers, and the state attorney general.  On the basis of these allegations, Mr. Reed alleges that his Fourteenth Amendment equal protection rights were violated.

The relief Mr. Reed seeks is not clear.  He fails to specify the declaratory or injunctive relief he seeks, and he appears to request damages.  Regardless of the relief sought, Mr. Reed may not sue the Colorado Parole Board.  The State of Colorado and its entities, such as the Colorado Board of Parole, are protected by Eleventh Amendment immunity.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988).  "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their

agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994), *overrruled on other grounds by Ellis v. University of Kansas Med. Ctr.*, 163 F.3d 1186 (10th Cir. 1998). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979). The Eleventh Amendment applies to all suits against the state and its agencies, regardless of the relief sought. *See Higganbotham v. Okla. Transp. Comm'n*, 328 F.3d 638, 644 (10th Cir. 2003).

Mr. Reed also may not sue parole board members for money damages. Parole board members enjoy absolute immunity from damages liability for actions taken in the performance of the board's official duties regarding the granting or denying of parole. *Russ v. Uppah*, 972 F.2d 300, 303 (10th Cir. 1992).

The relief Mr. Reed appears to seek in the complaint is his release from incarceration, which is habeas corpus relief. However, the Court will not construe the complaint liberally as seeking habeas corpus relief because any habeas corpus claims, which appear to date back to 2010, would be untimely and because Mr. Reed fails to allege whether he has exhausted state court remedies, in addition to his appeal from the parole revocation to the state parole board. Mr. Reed may challenge the validity of his parole revocation in a separate action in this Court only by filing an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).

In addition to the complaint, Mr. Reed has filed numerous declarations.  *See, e.g.*, ECF Nos. 6, 7, 8, 9,  10, 11,12,13, and 14.  Because none of the allegations in the declarations appears to relate to the parole revocation claims asserted in the complaint, the declarations will not be addressed further.  If Mr. Reed wishes to pursue conditions-of-confinement claims, he may do so in a separate § 1983 action.

For these reasons, Mr. Reed will be ordered to file an amended complaint that includes a short and plain statement of each claim he is asserting and clarifies the relief he is seeking.  The amended complaint Mr. Reed will be directed to file must be a single, coherent document.  The Court will not consider any claims raised in separate declarations, amendments, supplements, motions, or other documents that are not included in the amended application.  In order to state a claim in federal court, Mr. Reed "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007).  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Section 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights."  *Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such

deterrence fails."). Therefore, Mr. Reed should name as defendants in his amended complaint only those persons that he contends actually violated his federal constitutional rights.

Accordingly, it is

ORDERED that Plaintiff, Norman Ray Reed, Jr., file, **within thirty (30) days from the date of this order**, an amended prisoner complaint that complies with the pleading requirements of Fed. R. Civ. P. 8(a) and other directives discussed in this order. It is

FURTHER ORDERED that Mr. Reed shall obtain the Court-approved prisoner complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Mr. Reed fails to file an amended prisoner complaint that complies with this order within the time allowed, the complaint and action will be dismissed without further notice.

DATED April 9, 2012, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge