IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00068-BNB

NORMAN RAY REED, JR.,

    Plaintiff,

v.

COLORADO BOARD OF PAROLE,
JOHN SUTHERS, in his professional and individual capacity's [sic],
TIM HAND, in his professional and individual capacity,
MICHAEL ANDERSON, in his professional and individual capacity,
DEBORAH ALLEN, in her professional and individual capacity,
TOM WATERS, in his proffesional [sic] and individual capacity, and
DAVID RILEY, in his professional and individual capacity,

    Defendants.

---

ORDER DENYING MOTION FOR INJUNCTIVE RELIEF AND
FOR TEMPORARY RESTRAINING ORDER

---

Plaintiff, Norman Ray Reed, Jr., is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the correctional facility in Sterling, Colorado. He initiated this action by filing *pro se* a prisoner complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 alleging that his civil rights were violated in connection with the revocation of his parole in January 2010. On March 21, 2012, Mr. Reed filed a motion titled "Temporary Injunction/Injunction/T.R.O." (ECF No. 5). The twenty-one page motion includes sixteen pages of attachments.

In the March 21 motion Plaintiff makes vague and conclusory allegations that he has been and is being threatened and assaulted by administrative and correctional officers who also encourage his co-inmates to assault him for filing grievances and

litigation, has been assaulted by co-inmates, is incarcerated in the same prison as someone who sexually assaulted him and who is the step-brother of his sex assault victim, and lives in fear for his life and safety.  He also alleges that the prison mail room is interfering with his legal mail.  These allegations are not related to the substance of the complaint.

The Court must construe the motion liberally because Mr. Reed is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the motion will be construed liberally as a motion for injunctive relief and/or for a temporary restraining order, and will be denied.

A party seeking a preliminary injunction must show a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury unless the injunction issues, that the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party, and that the injunction, if issued, would not be adverse to the public interest.  *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980).  Similarly, a party seeking a temporary restraining order must demonstrate clearly, with specific factual allegations, that immediate and irreparable injury will result unless a temporary restraining order is issued.  *See* Fed. R. Civ. P. 65(b).

A preliminary injunction is an extraordinary remedy and "the primary goal of a preliminary injunction is to preserve the pre-trial status quo."  *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009).  Therefore, "courts should be especially cautious when granting an injunction that requires the nonmoving party to take

affirmative action - a mandatory preliminary injunction - before a trial on the merits occurs." *Id.* Because Mr. Reed is seeking a mandatory preliminary injunction that seeks to alter the status quo, he must make a heightened showing of the four factors listed above. *See id.* at 1209.

Mr. Reed's allegations are speculative or concern past events, and do not appear to have any relevance to the allegations in the complaint. Mr. Reed does not demonstrate a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury if no preliminary injunction is issued, that his threatened injuries outweigh whatever damage the proposed injunction may cause the opposing party, or that a preliminary injunction would not be adverse to the public interest. Therefore, the motion for injunctive relief and/or a temporary restraining order will be denied.

Accordingly, it is

ORDERED that the motion titled "Temporary Injunction/Injunction/T.R.O." (ECF No. 5) that Plaintiff, Norman Ray Reed, Jr., submitted to and filed with the Court *pro se* on March 21, 2012, and which the Court has construed liberally as a motion for injunctive relief and/or for a temporary restraining order, is denied.

DATED at Denver, Colorado, this  10th  day of    April         , 2012.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK
Senior Judge, United States District Court