IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00068-BNB

NORMAN RAY REED, JR.,

    Plaintiff,

v.

DAVID MICHAUD, in his professional and individual capacity,
JOHN SUTHERS, in his professional and individual capacity's [sic],
MICHAEL ANDERSON, in his professional and individual capacity,
DEBORAH ALLEN, in her professional and individual capacity,
TOM WATERS, in his professional and individual capacity,
TIM HAND, in his professional and individual capacity,
JOE THISSALWOOD, in his professional and individual capacity, and
DAVID RILEY, in his professional and individual capacity,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff, Norman Ray Reed, Jr., is a prisoner in the custody of the Colorado Department of Corrections who currently in incarcerated at the Colorado Territorial Correctional Facility in Cañon City.  *See* ECF No. 23.  Mr. Reed, acting *pro se*, filed an amended complaint (ECF No. 22) pursuant to 42 U.S.C. § 1983 on May 14, 2012, seeking injunctive and declaratory relief for all medical marijuana patients.  The amended complaint was filed in response to the order of April 9, 2012 (ECF No. 15), directing Mr. Reed to file an amended complaint within thirty days that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, sued the proper parties, alleged each defendant's personal participation, and sought relief proper in a civil rights action.

Mr. Reed has been granted leave to proceed pursuant to the federal *in forma*

*pauperis* statute, 28 U.S.C. § 1915. Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Under § 1983, a plaintiff must allege that the defendants have violated his or her rights under the Constitution and laws of the United States while they acted under color of state law. *Adickes v. S. H. Kress & Co*, 398 U.S. 144, 150 (1970).

Mr. Reed is cautioned that his ability to file a civil action or appeal in federal court *in forma pauperis* pursuant to § 1915 may be barred if he has three or more actions or appeals in any federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g). Under § 1915(g), the Court may count dismissals entered prior to the enactment of this statute. *Green v. Nottingham*, 90 F.3d 415, 420 (10th Cir. 1996).

The Court must construe Mr. Reed's filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court does not act as an advocate for a *pro se* litigant. *See id*. For the reasons stated below, the complaint and

the action will be dismissed.

Mr. Reed, who contends he is a registered medical marijuana patient, alleges he was informed while on parole that he either must sign a document waiving his right under Colorado law to use medical marijuana or be arrested and receive a parole revocation summons because use of medical marijuana is a federal violation.  Mr. Reed alleges that he signed the waiver under duress.  He further alleges that he was served with a summons to appear before the Colorado Parole Board for violating the conditions of his parole because his mouth swabs tested positive for T.H.C. (tetrahydrocannabinol), an ingredient in marijuana.

Mr. Reed asserts that, at a parole revocation hearing before the Colorado Parole Board, he was found guilty of violating parole condition number eight, which requires parolees not to abuse alcohol or possess or use illegal drugs such as marijuana.  He complains that he was not allowed to testify or present witnesses or documentary evidence on his behalf.  He names as Defendants the parole board chairman, the parole board director of regional operations, parole board members, a parole board administrative hearing officer, parole officers, and the state attorney general.  On the basis of these allegations, Mr. Reed alleges that his Fourteenth Amendment equal protection and due process rights were violated.

As a condition of parole in Colorado, parolees are required to sign a written agreement with parole conditions deemed to be appropriate by the Colorado Parole Board, including but not limited to agreeing not to abuse alcoholic beverages or use illegal drugs while on parole, and must abide by any other condition the board may determine to be necessary.  *See* Colo. Rev. Stat. § 17-2-201(5)(f)(I)(H) and (I); *see also*

*Whidden v. People*, 78 P.3d 1092, 1093 & n.5. 2003).  Therefore, it appears to have been within the authority of the parole board to impose the conditions of parole to which Mr. Reed objects.

In any event, Mr. Reed's challenges to the basis for and validity of his parole revocation will be dismissed as barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994).  Pursuant to *Heck*, if a judgment for damages necessarily would imply the invalidity of a criminal conviction or sentence, the action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ.  *See id.* at 486-87.  The rule in *Heck* applies to "proceedings that call into question the fact or duration of parole or probation."  *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996) (per curiam) (claim that parole revocation was invalid based upon false statements made in parole violation warrant and general due process violations associated with revocation of parole "necessarily implies the validity of his parole revocation" and therefore is cognizable only in habeas); *see also Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997) (applying *Heck* to claim regarding denial of parole).  Before bringing a claim that casts doubt on the length of a prisoner's continued incarceration, the prisoner first must pursue a successful action for habeas corpus.  *Edwards v. Balisok*, 520 U.S. 641 (1997); *see also Butterfield*, 120 F.3d at 1024 & n.1.  Mr. Reed does not allege, and nothing in the Court filed indicates, that he has invalidated the revocation of his parole through a writ of habeas corpus.

Although Mr. Reed does not seek damages, *Heck* applies "when the concerns underlying *Heck* exist," which include "those claims that would necessarily imply the

invalidity of [the] conviction." *See Lawson v. Engleman*, 67 Fed. App'x 524, 526 n.2 (10th Cir. 2003) (unpublished) (citing *Beck v. City of Muskogee Police Depot*, 195 F.3d 553, 557 (10th Cir. 1999)).  "[A] state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration") (emphasis in original).  *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Because of the nature of Mr. Reed's allegations, his request for declaratory and injunctive relief necessarily implies the invalidity of his parole revocation.  See *Lawson*, 67 Fed. App'x at 526 n.2 (citing *Kutzner v. Montgomery Cnty.*, 303 F.3d 339, 341 (5th Cir. 2002) (noting that claims seeking to attack the fact or duration of confinement "must be brought as habeas corpus petitions and not under § 1983").  Success on Mr. Reed's claims would necessarily spell speedier release or demonstrate the invalidity of his confinement or its duration, despite his contention that such relief is not the purpose of his amended complaint.  *See* ECF No. 22 at 9.  Therefore, his claims for declaratory and injunctive relief cannot be pursued under § 1983.  Rather, they must be pursued as habeas corpus claims pursuant to 28 U.S.C. § 2254, *see Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973), after exhaustion of state remedies, *see* § 2254(b)(1)(A); *Preiser*, 411 U.S. at 499 n.14.  As stated earlier, Mr. Reed does not allege, and nothing in the Court file indicates, he has invalidated the revocation of his parole through a writ of habeas corpus.

The instant action will be dismissed pursuant to *Heck*.  A *Heck* dismissal counts

as a strike under § 1915(g). *See Hafed v. Federal Bureau of Prisons*, 635 F.3d 1172, 1177-78 (10th Cir. 2011).

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Reed files a notice of appeal he also must pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the amended complaint and the action are dismissed without prejudice as barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  8th  day of      June      , 2012.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court