IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00068-LTB

NORMAN RAY REED, JR.,

    Plaintiff,

v.

DAVID MICHAUD, in his professional and individual capacity,
JOHN SUTHERS, in his professional and individual capacity's [sic],
MICHAEL ANDERSON, in his professional and individual capacity,
DEBORAH ALLEN, in her professional and individual capacity,
TOM WATERS, in his professional and individual capacity,
TIM HAND, in his professional and individual capacity,
JOE THISSALWOOD, in his professional and individual capacity, and
DAVID RILEY, in his professional and individual capacity,

    Defendants.

## ORDER DENYING MOTION TO RECONSIDER

Plaintiff, Norman Ray Reed, Jr., is a prisoner in the custody of the Colorado Department of Corrections who currently in incarcerated at the Colorado Territorial Correctional Facility in Cañon City. He filed *pro se* on June 21, 2012, a document titled "Objection to Dismissal Filed 06/08/12 Pursuant to CRCP 72(b)" (ECF No. 28), in which he asks the Court to reconsider and vacate the Order of Dismissal (ECF No. 25) and the Judgment (ECF No. 26) entered in this action on June 8, 2012.

The Court must construe the document liberally because Mr. Reed is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court will construe the document as a motion to reconsider. For the reasons stated below, the motion to reconsider will

be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered.  *See* Fed. R. Civ. P. 59(e).  The Court will consider Mr. Reed's motion to reconsider pursuant to Rule 59(e) because the motion was filed within twenty-eight days after the Judgment was entered in this action.  *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted).  Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously.  *See id*.

The Court dismissed the amended complaint and the instant action without prejudice as barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994), because Mr. Reed, a purported medical marijuana patient charged with violating the conditions of his parole, challenged the basis for and validity of that parole revocation.  The Court also

stated in the dismissal order that it appeared to have been within the authority of the parole board to impose the conditions of parole to which Mr. Reed objected. The June 8 dismissal order discusses the reasons for the dismissal in greater detail.

Mr. Reed's motion to reconsider does not change the Court's analysis in the dismissal order. In the amended complaint, Mr. Reed indicated that he was incarcerated based on his parole revocation for use of medical marijuana. In the motion to reconsider, Mr. Reed clarifies that he no longer is incarcerated because of the parole revocation for medical marijuana use but, instead, now is re-incarcerated for failure to register as a convicted sex offender. *See* ECF No. 28 at 5. Raising a new and different claim on reconsideration is not the purpose of a motion to reconsider. *See Mantle Ranches Inc. v. United States. Park Serv.*, 950 F. Supp. 299, 300 (D. Colo. 1997) ("A motion for reconsideration is not a license for a losing party[ ] . . . to get a second bit at the apple and make legal arguments that could have been raised before."); *see also Servants of the Paraclete*, 204 F.3d at 1012. The new argument demonstrates that Mr. Reed's attack on his parole revocation for medical marijuana use is moot.

On consideration of the motion to reconsider and the entire file, the Court finds that Mr. Reed fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. The Court remains convinced that, given Mr. Reed's indication in the amended complaint that he was incarcerated based upon his parole revocation for medical marijuana use, the instant action properly was dismissed as barred by *Heck*. Therefore, the motion to reconsider will be denied.

Accordingly, it is

ORDERED that the "Objection to Dismissal Filed 06/08/12 Pursuant to CRCP

72(b)" (ECF No. 28), that Plaintiff, Norman Ray Reed, Jr., filed on June 21, 2012, and which the Court has treated as a motion for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, is DENIED.

DATED at Denver, Colorado, this 12th day of July, 2012.

BY THE COURT:


s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court